<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYQUAN D. GIBBS,<br><br>     Plaintiff,<br><br>       v.<br><br>CAROLINA DIPLAN,<br><br>     Defendant. | No. 25cv3115 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

### I.    BACKGROUND

*Pro se* Plaintiff Tyquan D. Gibbs initiated this action on April 15, 2025.  D.E. 1 ("Compl." or "Complaint").  As best the Court can construe, Plaintiff alleges that Defendant Carolina Diplan, the owner of a supermarket, wronged Plaintiff in some unspecified manner.  *See id.* at 1-2.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP").  D.E. 1-2.  Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP application.  The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court will **DISMISS** the Complaint *without prejudice* for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") and allow Plaintiff **45 days** to file a proposed amended complaint.

### II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can

be granted, or asserts a claim against a defendant immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court may also dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Rule 8.  *Purisima v. City of Philadelphia*, 738 F. App'x 106 (3d Cir. 2018).  Rule 8 sets forth general rules of pleading and requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation in the complaint be "concise and direct," Fed. R. Civ. P. 8(e)(1).  Though the allegations must be concise and direct, they must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Dismissal of a complaint is therefore appropriate under Rule 8 "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)."  *Purisma*, 738 F. App'x at 107.

## III.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit."  *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's IFP application.

### B.    Plaintiff's Complaint Does Not Comply with Rule 8

Plaintiff's Complaint does not include any intelligible factual allegations or causes of action.

The only facts that Plaintiff alleges are:

> RE: THE CENTRAL SQUARE SUPERMARKET April 14, 2025 2:25 P.M.-3:00 P.M. POLICY THE 885 BERGEN AVENUE POLICY POLICED I TYQUAN . . . The Central Square SuperMarket April 14, 2025 2:25 P.M. - 3:00 P. M. Policy The 885 Bergen Avenue I Tyquan Say The Owner of Carolina Diplan Injunction of Policy Injunctured On I Tyquan

Compl. at 2. And Plaintiff's Complaint does not articulate any causes of actions. *See* Compl.

The only other information the Court can discern from Plaintiff's Complaint is that (1) he used the heading "injunction," (2) he listed the docket number for another action he has filed in this District, which he characterizes as "NOT AMENDABLE HEREIN THERETO SUBJECTED TO THE CURCUMSTANCE HERETO" and which appears to bear no relation to the instant matter or Defendant, and (3) that Defendant Carolina Diplan is the owner of a business with the website "www.ctownsupermarkets.com" (likely the above referenced Central Square Supermarket). *Id.* at 1.

This information, coupled with the facts referenced above, "neither provide[s] [D]efendant[] notice of the claims against [her], . . . nor permit[s] the . . . Court to conduct a proper review of his case under § 1915(e)(2)(B)." *Purisma*, 738 F. App'x at 107. Accordingly, Plaintiff's Complaint must be dismissed under Rule 8 because it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther*, 556 F. App'x at 92 (quoting *Simmons*, 49 F.3d at 86).

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** the Complaint *without prejudice*. Plaintiff may file a proposed amended complaint within **45 days** of the Order accompanying this Opinion to provide a short and plain statement of the claim(s) showing that he is entitled to relief, including (1) the specific statutory basis for federal court jurisdiction over this case, (2) the specific events which serve as the basis for his claim(s),

(3) how Defendant is involved in his claim(s), and (4) the harm he suffered, if any, from each violation.  An appropriate Order accompanies this Opinion.


Dated: 7/10/2025

_____
Evelyn Padin, U.S.D.J.